UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN A. EATON, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff(s), | |
| v. | Case No. 1:14-cv-06069-LGS |
| EDAP TMS S.A., MARC OCZACHOWSKI, and ERIC SOYER, | |
| Defendants. | |
| RONNIE HADDAD, Individually and on Behalf of All Other Persons Similarly Situated, | |
| Plaintiff, | |
| v. | Case No. 1:14-cv-06188-LGS |
| EDAP TMS S.A., MARC OCZACHOWSKI, and ERIC SOYER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF OSCAR CARLOS FOR CONSOLIDATION OF
THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
<u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT......................................................................................................................... 3

I.      THE ACTIONS SHOULD BE CONSOLIDATED ............................................... 3

II.     THE COURT SHOULD APPOINT CARLOS AS LEAD PLAINTIFF ............... 4

      A.     The Procedure Required by the PSLRA ................................................. 4

           1.    Carlos Is Willing to Serve as Class Representative ....................... 5

           2.    Carlos has the Requisite Financial Interest in the Relief Sought by the Class ................................................................................ 6

      B.     Carlos Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ............................................................................. 7

           1.    Carlos' Claims are Typical of the Claims of all the Class Members ................................................................................. 8

           2.    Carlos Will Adequately Represent the Class .................................. 9

III.    CARLOS' CHOICE OF COUNSEL SHOULD BE APPROVED ...................... 10

CONCLUSION..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Burke v. Ruttenberg*, 102 F.Supp.2d 1280, 1297, 1342 (N.D. Ala. 2000) .......................... 6

*Gen. Tel. Co. v. Falcon*,
 457 U.S. 147 (1982) ...................................................................................................... 8

*In re Drexel Burnham Lambert Grp.*,
 960 F.2d 285 (2d Cir. 1992) ......................................................................................... 9

*In re Milestone Sci. Sec. Litig.*,
 183 F.R.D. 404 (D.N.J. 1998) ...................................................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................... 8

*In re Party City Secs. Litig*,
 189 F.R.D. 91 (D.N.J. 1999) ........................................................................................ 8

*In re Razorfish, Inc. Secs. Litig.*,
 143 F. Supp. 2d 304 (S.D.N.Y. 2001) .......................................................................... 2

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990) .................................................................................... 3, 4

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-152 (JEI), 2000 U.S.
 Dist. LEXIS 5481, at *5-6 (D.N.J. April 24, 2000) ..................................................... 6

*Mitchell v. Complete Mgmt., Inc.*,
 Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) ............... 4

*Primavera Familienstiftung v. Askin*,
 173 F.R.D. 115 (S.D.N.Y. 1997). ................................................................................. 4

*Robidoux v. Celani*,
 987 F.2d 931 (2d Cir. 1993) ......................................................................................... 8

*Schulman v. Lumenis, Ltd.*,
 2003 WL 21415287 (S.D.N.Y June 18, 2003) ............................................................. 7

*Smith v. Suprema Specialties, Inc.*,
 206 F. Supp. 2d 627 (D.N.J. 2002) .............................................................................. 2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
 216 F.R.D. 248 (S.D.N.Y. 2003) .............................................................................. 7, 8

*Weiss v. York Hosp.*,
 745 F.2d 786 (3d Cir. 1984) ...................................................................................... 8, 9

*Weltz v. Lee*,
 199 F.R.D. 129 (S.D.N.Y. 2001) ......................................................................... 3, 7, 8, 9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................... passim
15 U.S.C. § 78u-4(e) ...................................................................................................... 8

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................. passim
Fed. R. Civ. P. 42(a) ...................................................................................................... 5

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of EDAP TMS S.A. ("EDAP" or the "Company"), between February 1, 2013 and July 30, 2014, inclusive ("Class Period").[1]  Plaintiffs in both Actions allege violations of the Securities and Exchange Act of 1934 (the "Exchange Act") against the Company, Michael Mona, Jr., Bart P. Mackay, Theodore R. Sobieski, Edward A. Wilson, and Michael Mona, III (all defendants other than the Company, collectively, the "Individual Defendants").[2]

Movant Oscar Carlos ("Carlos") lost approximately $65,362 as a result of the alleged fraud during the Class Period, *comprising 100% of his entire stock portfolio*.  Carlos respectfully submits this memorandum of law in support of his motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (c) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel.

Carlos believes that he has the largest financial interest in the outcome of the case.[3]  As such, Carlos meets the requirements of the PSLRA for appointment as Lead Plaintiff.  Moreover, Carlos satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his

---

[1]     The Actions are styled *Eaton v. EDAP TMS S.A.,* Case No. 1:14-cv-06069-LGS (the "*Eaton* Action"), and *Haddad v. EDAP TMS S.A.,* Case No. 1:14-cv-06188-LGS (the "*Haddad* Action").

[2]     Specifically, plaintiffs in the Actions allege that all defendants violated Section 10(b) of the Exchange Act and rule 10b-5 promulgated under the Exchange Act, as well as Section 20(a) of the Exchange Act.

[3]     Carlos' certification identifying his transactions in EDAP shares, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated October 2, 2014 as Exs. A and B, respectively.

1

claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002).  Carlos satisfies both requirements.

## STATEMENT OF FACTS

EDAP designs and manufactures medical equipment.  ¶ 2.[5]  Specifically, the Company "develops minimally invasive therapeutic ultrasound solutions for urology, tumor removal, localized prostate cancer, and related infectious diseases."  ¶ 2.  Plaintiff Marvin Eaton alleges that, throughout the Class Period, the defendants made false and misleading statements and/or omissions regarding one of the Company's most important products, Ablatherm, a device intended to treat prostate cancer through "high intensity focused ultrasound."  ¶ 3.

The defendants' alleged false and misleading statements regarding Ablatherm related to the product's efficacy and safety and test trial results.  ¶ 5.  For example, on February 8, 2013, the Company issued a press release indicating that its Ablatherm studies "solidifie[d] the fact that

---

[4]    The "Class" is comprised of all persons who purchased EDAP common stock during the Class Period and were damaged thereby.  Excluded from the Class are Defendants, the officer and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

[5]    Citations to "¶ __" are to paragraphs of the Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the *Eaton* Action.  The facts set forth in the Complaint are incorporated herein by reference.

[high intensity focused ultrasound] is a safe and effective therapeutic option for patients with localized prostate cancer of low and intermediate risk profile." ¶ 26.

On July 28, 2014, contrary to the defendants' favorable reports, the U.S. Food and Drug Administration ("FDA") questioned the adequacy of EDAP's testing methods for Ablatherm in light of the fact that the Company compared patients across two different studies as opposed to a head-to-head trial.  ¶ 52.  The FDA also noted high rates of adverse events associated with Ablatherm, including erectile dysfunction and urinary incontinence.  ¶ 54.  Shortly thereafter, on July 30, 2014, the FDA voted "no" on the questions of "safety", "efficacy", and "risk/benefit ratio". ¶ 57.

On this news, EDAP's stock price dropped by approximately $2.75 per share on unusually heavy trading volume, resulting in an almost 75% loss in market capitalization.  ¶¶ 56, 58.

## ARGUMENT

## I.    THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  "[C]ourts have taken the view that considerations of judicial economy favor consolidation."  *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation.  *See*

3

*Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

## II.   THE COURT SHOULD APPOINT CARLOS AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after

4

filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)  has either filed the complaint or made a motion in response to a notice;
>
> (bb)  in the determination of the court, have the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Carlos satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him.  Therefore, Carlos is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### 1.  Carlos Is Willing to Serve as Class Representative

On August 4, 2014, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a

securities class action had been filed against EDAP and which advised putative class members that they had until October 3, 2014 to file a motion to seek appointment as a lead plaintiff in the action.[6] Carlos has reviewed the complaints filed in the pending Actions and has timely filed his motion pursuant to the Notice.

### 2.   Carlos has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), the Court shall appoint as lead plaintiff the movant or movants with the "largest financial interest" in the relief sought by the action.  In addition to solely the amount of the loss claimed, courts examine the movant's relative interest in the litigation, such as a movant's losses as a percentage of his or her assets or holdings.  *See Burke v. Ruttenberg*, 102 F.Supp.2d 1280, 1297, 1342 (N.D. Ala. 2000); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *5-6 (D.N.J. April 24, 2000).

Carlos has the largest known financial interest in the relief sought by the Class—in addition to sustaining the greatest amount in losses, Carlos also suffered the greatest loss relative to his other holdings.  *See* Apton Decl., Exs. B, C.  Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the

---

[6] The *Eaton* Action was filed in this Court on August 4, 2014.  Also, on August 4, 2014, the Notice was published over *GlobeNewswire,* a widely circulated national business oriented wire service. *See* Apton Decl., Ex. D.

90-day period.   15 U.S.C. § 78u-4(e).   Pursuant to this statutory formula, Carlos suffered a substantial loss of $65,362.  *See* Apton Decl., Ex. B.

In addition to the amount of his loss, Carlos' relative interest in the litigation is stronger than any other movant.  As of July 30, 2014, the end of the Class Period, the entirety of Carlos' portfolio was invested in EDAP stock.  *See* Apton Decl., Ex. C.  Carlos' financial interest in the litigation relative to his entire holdings outweighs the other movants.  Taking all facts into account, Carlos thus has a significant financial interest in the outcome of this case and, to the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### B.      Carlos Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz,* 199 F.R.D. at 133 (considering only

typicality and adequacy on a motion as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999).  *See generally* Fed. R. Civ. P. 23(a)(3)-(4).  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage.  *Weinberg,* 216 F.R.D. at 252.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See id.*; *Weltz,* 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Carlos satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### 1.   Carlos' Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  Carlos plainly meets the typicality requirement of Rule 23 because (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific,* 183 F.R.D. at 414-415.  Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).  A finding of commonality frequently supports a finding of typicality.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Carlos' claims are identical to, and

neither compete nor conflict with the claims of the other Class members.  Carlos, like the other members of the Class, acquired EDAP securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Carlos suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct.  Accordingly, Carlos satisfies the typicality requirement of Rule 23(a)(3).  *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2.  Carlos Will Adequately Represent the Class

Moreover, Carlos is an adequate representative for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Carlos' interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Carlos' interests and those of the Class, but Carlos has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions.  This motivation, combined with Carlos' identical interest with the members of the Class, demonstrates that Carlos will vigorously pursue the interests of the Class.  In addition, Carlos has retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for

approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Carlos will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Carlos has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a) (3)(B) (iii)(I)(cc).  In addition, because Carlos has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

## III.    CARLOS' CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Carlos has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class.  *See* Apton Decl., Ex. E (the firm resume of Levi & Korsinsky).

## <u>CONCLUSION</u>

For the foregoing reasons, Carlos respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Carlos as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated:  June 23, 2014                                      Respectfully submitted,

                                                                        **LEVI & KORSINSKY LLP**

                                                                        /s/ Adam M. Apton_____
                                                                        Nicholas I. Porritt
                                                                        Adam M. Apton
                                                                        30 Broad Street
                                                                        24th Floor
                                                                        New York, NY 10004
                                                                        Tel: (212) 363-7500
                                                                        Fax: (866) 367-6510

                                                                        *Counsel for Movant-Proposed Lead Plaintiff*
                                                                        *Mark Carlos*